Billy C. Wilkins #817648
1050 W. Commerce
Brownwood, Texas 76801

August 13, 2015

39,583-42

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

In RE: Ex parte Billy Charles Wilkins
Cause No. 062661

Mr. Abel Acosta,

I just proved you don't have a clue what your job is. I mailed a Petition For Actual Innocence Cause No. WR-39,583, Trl. Ct. 13,872 to your office. You construed it to be a Motion For Leave to file a Writ of Mandamus and presented it to your Court under the wrong case wrong cause number. That petition you just caused to be denied has nothing whatsoever to do with the issues presented in the application for a Writ of habeas corpus cause number 062661-A. It presented fact of actual innocence to the conviction of 13,872 in Brown County Texas.

Now, in reference to the Application For a Writ of Habeas Corpus in cause number 062661-A your court isn't about law any more its about lock um up and keep um locked up guilty or not. Dismissing this application just declared Judge Clinton to be a lier. Your court is publishing cases of fraud.

Although Peterson V. State, 781 S.W. 2d 933 (Tex. Crim. App. 1989) applies to a misdemeanor information, Article 27.01, V.A.C.C.P. it also applies to felony cases, Article 27.01, V.A.C.C.P.

The first precursor to Article 21.22, V.A.C.C.P. was codified in 1858 as O.C. 404; since settled in Texas law is an unerringly upheld prerequisite to validity of an information, viz:

Billy Wilkins hereinafter called "Defendant", did then and there intentionally or knowingly possess a controlled substance, namely, methamphetamine, in an amount of one (1) gram or more but less than four (4) grams, against the peace and dignity of the State.

Simply, is information presented by a prosecuting attorney in the indictment.

The rule was so well established by the former court of appeals that opinions after 1891 routinely followed it without further explication. But there are strong public policy considerations dictating the rule.

An indictment is a "primary pleading in a criminal action on the part of the State," Article 27.01, V.A.C.C.P., a written pleading in behalf of the State drawn, filed and presented by a prosecuting attorney charging an accused with an offense that may be prosecuted under the law. Article 21.02, V.A.C.C.P. In order to "protect its citizens from the inherent dangers arising from the concentration of power in any one individual," Kennedy v. State, 161 Tex. Cr. R. 303, 276 S.W. 2d 291 (1955)(Opinion on Motion for Rehearing, at 664), the Legislature precluded a prosecutor from presenting any information "until affidavit has been made by some credible person charging the defendant with an offense," and also mandated, "The affidavit shall be filed with the information". Article 21.22, supra. Such an affidavit is, of course, a complaint within the meaning of Article 15.04, V.A.C.C.P. "In other words, a prosecuting attorney is not authorized to institute prosecutions in the county court upon his independent act or of his own volition," Kennedy v. State, supra, 276 S.W. 2d at 294; One may not be "both the accuser and the prosecutor in felony cases,"

Because an information must be based upon a complaint, and the offense stated in the former "must be characterized by and correspond with that stated in the affidavit," Davis V. State, 2 Tex. App. 184 (Ct. App. 1877), it is the affidavit, not the information, that specifies the offense alleged to have been committed. Since the affidavit _must be made_ by a credible person other than a prosecuting attorney, it also follows that only the affiant may present an affidavit with his information. To allow the prosecuting

attorney to purport to present an information without the affidavit of another would make the prosecutor the accuser.

The information presented in the indictment was upon the independent act or upon the prosecuting attorneys own volition causing an unconstitutional indictment that did not invoke the trial courts jurisdiction. Lack of jurisdiction is a constitutional violation that warrants the accused relief.

The 59th District Court abused its discretion in declaring there are no complaint required in felony cases. There are statute or authority of law under which this proceeding can be validated.

TEX. CODE CRIM. PROC. ANN.

Article 2.04, Article 2.05, Article 15.04, Article 15.05, Article 15.17 & Article 21.22, Article 27.01 also applies to indictments used in felony cases.

On these basis found in the law, the application for a Writ of Habeas Corpus in cause number 062661 should be reevaluated according to law.

Respectfully submitted,

Billy C. Wilkins, Pro Se.